**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000802
29-APR-2024
08:00 AM
Dkt. 162 SO**

NO. CAAP-19-0000802

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

THE ESTATE OF BRYAN DUPITAS CESARIO, DECEASED

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(P. NO. 14-1-0037)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Real-Party-in-Interest/Appellant Thomas D. Yano (**Yano**)
appeals from the October 16, 2019 Order Denying [Yano's]
Supplemental Petition for an Award of Attorneys Fees and Cost Per
Notices of Claim and Lien Filed on November 5, 2015 and November
9, 2015 (**Order Denying Third Petition**), entered by the Circuit
Court of the Fifth Circuit.[1]  Yano also challenges the Circuit
Court's December 22, 2015 Order on Petition to Deposit Estate
Monies with the Registry of the Fifth Circuit Probate Court, for
Transitional Instructions, and to Withdraw as Counsel for
Personal Representative Herein Filed Herein on September 25, 2015
(**Order Denying First Petition**) and June 15, 2017 Order to Release

----

[1]     The Honorable Randal G.B. Valenciano presided.

Funds and Turn Over Case Files to Personal Representative by June 5, 2017 (**Order Denying Second Petition**).

Yano raises three points of error on appeal, contending that the Circuit Court erred when it:  (1) entered the Order Denying the First Petition; (2) entered the Order Denying the Second Petition; and (3) entered the Order Denying the Third Petition.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Yano's points of error as follows:

(1)  Yano argues that the Circuit Court erred when it entered the Order Denying the First Petition because Yano's September 25, 2015 petition (**First Petition**) was "essentially a notice of claim" that was never specifically disallowed by the then-serving personal representative of the Estate of Bryan Dupitas Cesario (the **Estate**), and therefore the claim was allowed per Hawaii Revised Statutes § 560:3-806 (2018).  This argument fails for various reasons, most notably that Yano did not seek relief on this basis in his First Petition.[2]  We conclude that this argument is waived.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4).

---

[2]	The First Petition was not a "Notice of Claim" against the Estate. It asked that Yano be allowed to pay himself out of insurance proceeds before turning the balance of the insurance proceeds over to the Estate.  Hence, Yano's argument that the personal representative failed to formally disallow a claim against the Estate is wholly without merit.  We note that Yano was representing the personal representative of the Estate in the probate matter at the same time he was apparently petitioning to receive moneys as a claimant against the Estate, without first putting the moneys into the Estate for administration.

(2) Yano argues that the Circuit Court erred when it entered the Order Denying Second Petition because the attorney making a limited appearance for the Estate's personal representative argued at a November 3, 2015 hearing that there was no contingency fee agreement between the parties. While it appears that specially-appearing counsel was wrong, his misstatement was immediately corrected by Yano and the Circuit Court did not deny Yano relief on that basis. The Circuit Court instead ordered Yano to return all of the money he held ($230,000) to the Estate and make a claim for the roughly $83,000 Yano asked to keep from moneys to be turned over to the Estate.

Yano further argues that he was entitled to relief because his petitions were uncontested, his claim was not disallowed, and the only evidence available to the court was Yano's Declaration and exhibits. However, Yano makes no cogent argument (and provides no legal authority supporting) that the Circuit Court erred in the Order Denying Second Petition when the court found, *inter alia*, that Yano was holding $230,000 that belonged to the Estate, and concluded that Yano was obligated to turn over funds and files belonging to the Estate, but Yano was entitled to pursue a claim against the Estate for the attorney's fees he felt were due and owing to him. We conclude that Yano's second point of error is without merit.

(3) Yano argues that the Circuit Court erred in entering the Order Denying Third Petition by finding that $230,000 in insurance proceeds were offered to the Estate prior to Yano's involvement, because there was no evidence supporting

this finding, and by concluding that Yano was not entitled to 33 1/3% of $230,000, essentially concluding that Yano was not entitled to any payment on the contingency fee agreement because the Estate received no money in excess of what the insurance company already informed the family of the deceased it would pay. Yano also argues that the Circuit Court erred by finding that he was not entitled to quantum meruit for service rendered to the Estate. Yano points out that the Circuit Court specifically found that a valid contingency fee agreement existed between him and the personal representative, so, Yano argues, the salient questions were whether his claim had been disallowed by the personal representative, whether it had priority over other claims, and whether the fee was reasonable.

Yano's own representations to the Circuit Court, as reflected in the transcript of the February 7, 2019 hearing (and earlier hearings), as well as the written submissions of the parties, support the Circuit Court's determinations. Clearly, the Circuit Court's ruling was grounded in the "many hats" Yano was wearing at the same time. Yano was Bryan Cesario's (**Bryan**) bankruptcy lawyer when he died. Yano was going to represent Bryan and, while murkier, perhaps Bryan's family after Bryan died, in an attempt to get custody of Bryan's son, who was less than two-years-old when Bryan died after crashing his motorcycle into a truck. Yano represented Bryan's father in a petition to be appointed, and then as, the (first) personal representative of the Estate. Yano also entered into a personal injury contingency fee agreement with Bryan's father, Rogelio Cesario (**Rogelio**),

4

both before and just after the father was approved as personal representative. As Yano himself (as Petitioner) explained in a sworn statement in the First Petition, "[a]fter Yano prepared, processed, filed and served the necessary Probate pleadings per Rogelio's request, . . . [Rogelio] was appointed the Personal Representative . . . [and this] allowed State Farm to remit the various relevant insurance policies for Bryan's estate[.]" We conclude that the Circuit Court did not clearly err or abuse its discretion in concluding that these legal services, which simply allowed the insurance company to write the checks to the personal representative of the Estate, were services provided by Yano as the attorney for the personal representative. A letter from Rogelio, which was not objected to by Yano, stated that "the insurance was done already," and as the court explained at the February 7, 2019 hearing "[t]hey just didn't know who to write the check out to because there was no estate yet, and that's why . . . you had to open the probate case to receive the money, and somebody needed to be appointed, which is all of what happened."

Yano himself admitted the insurer already represented to Bryan's family that policy limits totaling $230,000 would be paid. In a back and forth with Yano, the Circuit Court said: "No, but listen to your argument, Mr. Yano. You said you didn't tell them stop, don't take this. So then the next question I have is: What is 'this'? And I am thinking 'this' is the policy limit that was there the whole time." Yano responded: "Yes." Yano also confirmed that he did some investigation, but he was

not able to get more than the policy limits the insurer was already prepared to pay out.

Contrary to Yano's argument, the Circuit Court recognized the contingency fee agreement. However, the Circuit Court found that the Estate's collection of the $230,000 insurance money was due to Yano's services as a probate lawyer, entitling him to payment under the separate legal services agreement for probate services entered between Yano and Rogelio. Yano did not secure any additional moneys, which would have been subject to the 33 1/3% fee under the contingency fee agreement. Based on our review of the entire record before the Circuit Court, we conclude that the Circuit Court did not clearly err or abuse its discretion in determining that Yano was entitled to fees and costs only in his capacity as a probate lawyer.[3]

Yano's argument that the Circuit Court erred in failing to find and order that Yano was entitled to a claim for quantum meruit for personal injury attorney services rendered to the Estate is without merit. The Circuit Court specifically concluded that Yano was entitled to fees and costs incurred in his capacity as a probate lawyer for the personal representative of the Estate. Yano provides no authority supporting the proposition that a personal injury attorney with a contingency fee agreement should be compensated based on quantum meruit when there was no recovery.

---

[3]     The Circuit Court awarded Yano costs totaling $1,017.64.

For these reasons, the Circuit Court's October 16, 2019 Order Denying Third Petition is affirmed.

DATED: Honolulu, Hawaiʻi, April 29, 2024.

On the briefs:

Thomas D. Yano,
Appellant *Pro Se,*
*(*on the Opening Brief*),*
 and
Kai Lawrence,
for Petitioner-Appellant,
(on the Amended Opening Brief
 and Reply Brief).

Daniel G. Hempey,
(De Costa Hempey LLC),
for Respondent-Appellee
  JOZEL CESARIO PAGADUAN.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge